UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

AUNDRA BECKEM,

         Petitioner,                        Case No. 1:11-cv-1030

v.                                          Honorable Gordon J. Quist

CAROL HOWES,

         Respondent.
_____/

**OPINION**

This is a habeas corpus action brought by a state prisoner pursuant to 28 U.S.C. § 2254. Promptly after the filing of a petition for habeas corpus, the Court must undertake a preliminary review of the petition to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4, RULES GOVERNING § 2254 CASES; *see* 28 U.S.C. § 2243. If so, the petition must be summarily dismissed. Rule 4; *see Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (district court has the duty to "screen out" petitions that lack merit on their face). A dismissal under Rule 4 includes those petitions which raise legally frivolous claims, as well as those containing factual allegations that are palpably incredible or false. *Carson v. Burke*, 178 F.3d 434, 436-37 (6th Cir. 1999). After undertaking the review required by Rule 4, the Court concludes that the petition must be dismissed because it raises a state-law claim not cognizable on federal habeas review.

**Factual Allegations**

Petitioner presently is incarcerated at the Lakeland Correctional Facility. On March 9, 2009, he pleaded nolo contendere in the Muskegon County Circuit Court to third-degree criminal sexual conduct (CSC), MICH. COMP. LAWS § 750.520D(1)(b). The trial court sentenced him on May 19, 2009, as a fourth habitual offender, MICH. COMP. LAWS § 769.12, to a prison term of seventeen to fifty years.

Petitioner's conviction arose from an incident that occurred at the home of his daughter's mother, Elizabeth Morris, on September 30, 2007. In the early morning hours of September 30, Petitioner allegedly went to Morris's house, assaulted Morris with a lamp and, after instructing Morris to lay down on a bed, he penetrated her. Petitioner was arrested for assault with a dangerous weapon (ADW) and CSC.

Petitioner was prosecuted on the ADW charge first. On March 24, 2008, Petitioner pleaded guilty in the Muskegon County Circuit Court to ADW, MICH. COMP. LAWS § 750.82. The trial court sentenced Petitioner on April 21, 2008, to a prison term of two years and nine months to fifteen years. While Petitioner does not seek habeas corpus relief for the ADW conviction in the instant petition, the timing of his ADW sentence is pertinent to his habeas claim.

For his third-degree CSC conviction, a warrant was issued for Petitioner's arrest on May 12, 2008. At the time the warrant was issued, Petitioner was incarcerated with the Michigan Department of Corrections on the ADW conviction. Although the warrant was issued on May 12, 2008, the MDOC did not bring Petitioner to the Muskegon County Circuit Court for his arraignment on the CSC charge until November 5, 2008. Petitioner contends that the Muskegon County Prosecutor was aware of his incarceration when the warrant for his arrest was issued on May 12, 2008, because Petitioner had just been sentenced on the ADW conviction on April 21, 2008.

Petitioner argues that the prosecutor should have given the MDOC notice of the May 12, 2008 warrant for his arrest. Because the prosecutor did not give the MDOC notice of the CSC arrest warrant, Petitioner claims that the prosecutor deprived him of his right to a speedy trial under MICH. COMP. LAWS § 780.131.

Petitioner presented the following claim in his delayed application for leave to appeal in the Michigan Court of Appeals:

> [PETITIONER'S] DUE PROCESS RIGHTS WERE VIOLATED WHEN THE MUSKEGON COUNTY PROSECUTOR FAILED TO NOTIFY THE DEPARTMENT OF CORRECTIONS THAT THE MUSKEGON COUNTY PROSECUTOR HAD ISSUED A WARRANT AGAINST [PETITIONER], WHO HAD JUST BEEN SENTENCED TO PRISON IN THE SAME COUNTY A MERE SEVENTEEN DAYS EARLIER FOR CONDUCT ARISING OUT OF THE SAME CRIMINAL EPISODE, THEREBY DEPRIVING [PETITIONER] OF HIS STATUTORY RIGHT TO A SPEEDY TRIAL PURSUANT TO MCL 780.131(1).

(Mich. Ct. App. Br., docket #1-1, Page ID#25.) The Michigan Court of Appeals denied Petitioner's application on June 10, 2010, for lack of merit in the grounds presented. Petitioner also sought leave to appeal in the Michigan Supreme Court. The Michigan Supreme Court denied Petitioner's application on November 24, 2010, because it was not persuaded that the questions presented should be reviewed by the court.

In his application for habeas corpus relief, Petitioner asserts the same issue presented on his appeal to the Michigan appellate courts.

**Standard of Review**

This action is governed by the Antiterrorism and Effective Death Penalty Act, PUB. L. 104-132, 110 STAT. 1214. *See Penry v. Johnson*, 532 U.S. 782, 792 (2001). The AEDPA "prevents federal habeas 'retrials'" and ensures that state court convictions are given effect to the extent possible under the law. *Bell v. Cone*, 535 U.S. 685, 693-94 (2002). An application for writ

of habeas corpus on behalf of a person who is incarcerated pursuant to a state conviction cannot be granted with respect to any claim that was adjudicated on the merits in state court unless the adjudication: "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based upon an unreasonable determination of the facts in light of the evidence presented in the state court proceeding." 28 U.S.C. § 2254(d).

## Discussion

Petitioner alleges that the prosecutor failed to provide notice to the MDOC of the CSC warrant issued for Petitioner's arrest, and, thus, violated Petitioner's right to a speedy trial under MICH. COMP. LAWS § 780.131 and his due process rights. Under MICH. COMP. LAWS § 780.131, the MDOC must first receive notice that there is a pending warrant against an inmate, as follows:

> *Whenever the department of corrections receives notice that there is pending in this state any untried warrant, indictment, information, or complaint setting forth against any inmate of a correctional facility of this state a criminal offense for which a prison sentence might be imposed upon conviction*, the inmate shall be brought to trial within 180 days after the department of corrections causes to be delivered to the prosecuting attorney of the county in which the warrant, indictment, information, or complaint is pending written notice of the place of imprisonment of the inmate and a request for final disposition of the warrant, indictment, information, or complaint. The request shall be accompanied by a statement setting forth the term of commitment under which the prisoner is being held, the time already served, the time remaining to be served on the sentence, the amount of good time or disciplinary credits earned, the time of parole eligibility of the prisoner, and any decisions of the parole board relating to the prisoner. The written notice and statement shall be delivered by certified mail.

MICH. COMP. LAWS § 780.131(1) (emphasis added). Because the prosecutor did not send notice of the May 12, 2008 arrest warrant to the MDOC, the proceedings against Petitioner on the CSC charge did not start until much later. Petitioner was finally arraigned in the Muskegon County

Circuit Court on November 5, 2008, 177 days after the arrest warrant was issued. Petitioner does not provide any information regarding when the MDOC provided notice to the prosecutor of Petitioner's incarceration.

Petitioner's claim is grounded exclusively in state law. Petitioner argues that, because the prosecutor did not provide notice to the MDOC, the MDOC, in turn, failed to give the prosecutor notice of Petitioner's incarceration to start the clock for the 180-day rule under MICH. COMP. LAWS § 780.131. The Court may entertain an application for habeas relief on behalf of a person in custody pursuant to the judgment of a State court in violation of the Constitution or laws or treaties of the United States. 28 U.S.C. § 2254(a). A habeas petition must "state facts that point to a 'real possibility of constitutional error.'" *Blackledge v. Allison*, 431 U.S. 63, 75 n.7 (1977) (quoting Advisory Committee Notes on Rule 4, RULES GOVERNING HABEAS CORPUS CASES). The federal courts have no power to intervene on the basis of a perceived error of state law. *Wilson v. Corcoran*, 131 S. Ct. 13, 14 (2010); *Bradshaw v. Richey*, 546 U.S. 74, 76 (2005); *Pulley v. Harris*, 465 U.S. 37, 41 (1984). Petitioner's claim raises issues solely of state law under MICH. COMP. LAWS § 780.131. Therefore, his claim is not cognizable on federal habeas review.

Even if Petitioner had properly articulated a violation of his federal constitutional rights, he still would not be entitled to relief. A speedy trial is a fundamental right guaranteed the accused by the Sixth Amendment to the Constitution and imposed by the Due Process Clause of the Fourteenth Amendment. *Klopfer v. North Carolina*, 386 U.S. 213, 223 (1967). Petitioner waived his right to a speedy trial when he unconditionally pled nolo contendere. An unconditional guilty plea constitutes a waiver of all pre-plea, non-jurisdictional constitutional deprivations. *Tollett v. Henderson*, 411 U.S. 258, 267 (1973). This waiver includes alleged speedy trial violations. *See Howard v. White*, 76 F. App'x 52, 53 (6th Cir. 2003) (speedy trial claim was waived when petitioner

entered an unconditional nolo contendere plea because the right to a speedy trial is not a jurisdictional issue). A nolo contendere plea stands on equal footing with a guilty plea. *North Carolina v. Alford,* 400 U.S. 25, 35-36 (1970); *see also Howard*, 76 F. App'x at 53. Consequently, Petitioner's unconditional nolo contendere plea to third-degree CSC waived a claim that he was denied his Sixth Amendment right to a speedy trial.

## Conclusion

In light of the foregoing, the Court will summarily dismiss Petitioner's application pursuant to Rule 4 because it raises a state-law claim not cognizable on federal habeas review.

## Certificate of Appealability

Under 28 U.S.C. § 2253(c)(2), the Court must determine whether a certificate of appealability should be granted. A certificate should issue if Petitioner has demonstrated a "substantial showing of a denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This Court's dismissal of Petitioner's action under Rule 4 of the Rules Governing § 2254 Cases is a determination that the habeas action, on its face, lacks sufficient merit to warrant service. It would be highly unlikely for this Court to grant a certificate, thus indicating to the Sixth Circuit Court of Appeals that an issue merits review, when the Court has already determined that the action is so lacking in merit that service is not warranted. *See Love v. Butler*, 952 F.2d 10 (1st Cir. 1991) (it is "somewhat anomalous" for the court to summarily dismiss under Rule 4 and grant a certificate); *Hendricks v. Vasquez*, 908 F.2d 490 (9th Cir. 1990) (requiring reversal where court summarily dismissed under Rule 4 but granted certificate); *Dory v. Comm'r of Corr. of New York*, 865 F.2d 44, 46 (2d Cir. 1989) (it was "intrinsically contradictory" to grant a certificate when habeas action does not warrant service under Rule 4); *Williams v. Kullman*, 722 F.2d 1048, 1050 n.1 (2d Cir. 1983) (issuing certificate would be inconsistent with a summary dismissal).

The Sixth Circuit Court of Appeals has disapproved issuance of blanket denials of a certificate of appealability. *Murphy v. Ohio*, 263 F.3d 466 (6th Cir. 2001). Rather, the district court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted. *Id.* at 467. Each issue must be considered under the standards set forth by the Supreme Court in *Slack v. McDaniel*, 529 U.S. 473 (2000). *Murphy*, 263 F.3d at 467. Consequently, this Court has examined each of Petitioner's claims under the *Slack* standard. Under *Slack*, 529 U.S. at 484, to warrant a grant of the certificate, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id.* "A petitioner satisfies this standard by demonstrating that . . . jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). In applying this standard, the Court may not conduct a full merits review, but must limit its examination to a threshold inquiry into the underlying merit of Petitioner's claims. *Id.*

The Court finds that reasonable jurists could not conclude that this Court's dismissal of Petitioner's claims was debatable or wrong. Therefore, the Court will deny Petitioner a certificate of appealability.

A Judgment and Order consistent with this Opinion will be entered.


Dated: November 8, 2011                              /s/ Gordon J. Quist
                                                   GORDON J. QUIST
                                        UNITED STATES DISTRICT JUDGE